**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER HOPKINS on behalf of himself and all other similarly situated persons, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> RHM, LLC, a/k/a RHM Staffing Solutions, <br><br> Defendant. | |

## COMPLAINT

Plaintiff, Christopher Hopkins, individually and on behalf of all others similarly situated, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendant RHM, LLC a/k/a RHM Staffing Solutions, states as follows:

### NATURE OF ACTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and class action pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*, ("IWPCA").

2. Specifically, Defendant violated the FLSA and IMWL by paying Plaintiff and putative members of the Plaintiff Collective less than the federal mandated overtime wage and paid the Illinois Class less than the State mandated overtime wage by failing to compensate Plaintiff and the putative members of the Plaintiff Class and Collective at a rate of one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week by improperly misclassifying them as exempt from the maximum hours provisions.

3. In addition, Plaintiff brings an individual breach of contract claim.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. 29 U.S.C. § 216(b), and 29 U.S.C. § 2617.

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Defendant is headquartered and unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's facility located in Oak Brook, DuPage County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Christopher Hopkins ("Hopkins") is an adult resident of Shorewood, Illinois.

8. Hopkins was employed by and worked for Defendant from October 14, 2019 through March 9, 2020.

9. The members of the Plaintiff Class and Plaintiff Collective include all current and former recruiters employed by Defendant within the applicable statutory timeframe, who, like Plaintiff:

   a. were improperly misclassified as exempt from the maximum hours provisions of the FLSA and/or IMWL; and

   b. worked more than forty hours in at least one individual workweek; and

   c. were not paid overtime for the hours they worked in excess of forty hours in an individual workweek.

10. RHM, LLC a/k/a RHM Staffing Solutions ("RHM") is a staffing agency, which recruits job-seekers for placement to work with corporate customers, doing business in the State of Illinois, engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 2611(1).

11. Defendant is headquartered in Oak Brook, Illinois and operates a second office in Schaumburg, Illinois. Defendant also operates offices in Milwaukee, Wisconsin; Indianapolis, Indiana; and Nashville, Tennessee.

12. Defendant is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

13. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

**FACTUAL ALLEGATIONS**

14. Defendant employed Hopkins as a Recruiter in Illinois from October 14, 2019 through March 9, 2020.

15. Upon hiring, Defendant provided Plaintiff with a written agreement and offer letter detailing his terms of compensation, which stated that Defendant would compensate Plaintiff with a base annual salary of $50,000 plus commissions.

16. Upon information and belief, when hiring other members of the Plaintiff Class and Collective, Defendant similarly provided written agreements detailing their terms of compensation, specifically that they would be paid an annual salary plus commissions.

17. As part of his job duties, Hopkins was expected to search online for people looking for work and contact these individuals for potential placement to work with RHM's corporate clients. Hopkins did not have the discretion or authority to speak to RHM's corporate clients or

3

<mark>determine the eligibility of a job-seeker to be hired. Hopkins was not required to have any specific industry knowledge or experience in order to perform his job duties.</mark>

18. Upon information and belief, the members of the Plaintiff Class and Collective all performed similar job duties as Hopkins.

19. Throughout his employment with RHM, Hopkins regularly worked more than forty (40) hours per individual workweek.

20. Upon information and belief, based upon the regular workweek schedule RHM's policies established, members of the putative Plaintiff Class and Collective regularly worked more than forty hours per individual workweek throughout their employment with Defendant.

21. Throughout his employment with Defendant, Plaintiff was not exempt from the overtime provisions of the FLSA and IMWL.

22. Throughout their employment with Defendant, members of the Plaintiff Class and Collective were not exempt from the overtime provisions of the FLSA and IMWL.

23. Throughout their employment with RHM, Defendant improperly classified Hopkins and members of the Plaintiff Class and Collective as "exempt" from the maximum hours provisions of the FLSA and IMWL.

24. As a result of the policies and practices described above, Defendant failed to properly compensate Plaintiff and the putative members of the Plaintiff Class and Collective at the proper overtime rate for all hours worked in excess of forty (40) hours in individual workweeks.

25. Defendant knew or should have known of their obligation to fully pay employees their overtime wages for all hours worked and at the proper rate. Defendant acted in bad faith in failing to fully compensate Plaintiff and other members of the Plaintiff Class and Collective for all hours worked and at the proper overtime rate for the work they performed.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and all putative members of the Plaintiff Class.

27. Plaintiff seeks certification of his IMWL claims as a class action in order that the rights of Plaintiff and the Plaintiff Class, including all overtime and other wages due, statutory damages, prejudgment interest, and any other damages due, be resolved.

28. With respect to unpaid adjusted overtime wages for the Illinois Class, the Plaintiff represents and is a member of the putative class defined as follows:

> All persons who were employed by Defendant in the State of Illinois as recruiters within the applicable statute of limitations prior to the filing of the Complaint in this action, who were classified as exempt and were not paid overtime compensation for time he or she worked in excess of forty (40) hours per individual workweek.

29. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the putative class numbers between one hundred and two individuals over the statutory timeframe.

30. Plaintiff satisfies the requirements of Rule 23(b) because the issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class. Specifically, all claims are predicated on a finding that Defendant misclassified its recruiters as exempt employees when they were in fact entitled to receive overtime compensation for hours worked in excess of forty in an individual workweek. In short, the claims of the Named Plaintiff are identical to the claims of the class members.

31. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff

and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendant's practices and policies.

32. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I – FAIR LABOR STANDARDS ACT – (Collective Action)

33. Plaintiff re-states and incorporates the above paragraphs as though fully set forth herein.

34. This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Named Plaintiff and all members of the FLSA Collective at the correct time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

44. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

45. All past and present employees of Defendant who performed non-exempt work as recruiters and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiff, in that Defendant applied its compensation

6

policies, which violate the FLSA, on company-wide bases for at least all members of the FLSA Class.

46. Defendant's failure to pay compensation for all time worked and, as a result, their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since Defendant's conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

47. The Plaintiff's experiences are typical of the experiences of the members of the putative FLSA Collective, as set forth above.

48. For all members of the putative Collective to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Christopher Hopkins, on behalf of himself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

**COUNT II – ILLINOIS MINIMUM WAGE LAW – (Class Action)**

48. Plaintiff re-states and incorporates paragraphs 1 through 33 as though fully set forth herein.

49. This Count arises from Defendant's violation of the IMWL, 820 ILL. COMP. STAT. 105/1, *et seq.*, for to pay the Named Plaintiff and all members of the Illinois Class at the correct time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

50. At all relevant times herein, Defendant has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

51. At all times relevant, Plaintiff and putative members of the Plaintiff Class were employed by Defendant as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

52. Pursuant to the IMWL, for all weeks during which Plaintiff and the putative Plaintiff Class worked in excess of forty (40) hours, they were entitled to be fully compensated at the proper overtime rate.

53. Defendant violated the IMWL by failing to compensate the Plaintiff and the Plaintiff Class with overtime wages all hours worked in excess of forty (40) per workweek.

54. The Named Plaintiff's experiences are typical of the experiences of the putative members of the IMWL Class, as set forth above.

WHEREFORE, Plaintiff Christopher Hopkins, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

### COUNT III – BREACH OF CONTRACT – (Individually)

55. Plaintiff incorporates paragraphs 1 through 19 as though fully set forth herein.

56. On or about October 14, 2019, RHM offered and entered a contract with Hopkins, which states in relevant part: "except for Termination by RHM for CAUSE, RHM agrees to provide employee with less than (2) years of service with (2) weeks of severance pay equivalent to EMPLOYEE's salary at the time of Termination." Exhibit B.

57. The contract also states that RHM agreed to paid Hopkins a base annual salary of $50,000. Id.

58. Two weeks of salary at the agreed-upon rate equates to $1,923.08.

59. On March 9, 2020, Hopkins gave notice of his resignation to RHM, stating that he would end his employment effective in two weeks.

60. In response, on March 9, 2020, RHM terminated Hopkins effective immediately.

61. Defendant terminated Hopkins without cause.

62. Hopkins was employed by RHM for less than two (2) years.

63. Therefore, per the terms of the contract, RHM was obligated to pay Hopkins severance pay in the amount of $1,923.08, which is the equivalent of two (2) weeks compensation.

64. Defendant breached its obligations to Hopkins under the contract because it did not, and still has not, paid Hopkins the severance pay owed.

WHEREFORE, Plaintiff Christopher Hopkins, respectfully requests that this Honorable Court enter an order as follows:

a) Awarding judgment in his favor in an amount of $1,923.08;

b) Awarding pre-judgment interest;

c) Awarding such other additional relief as this Court deems appropriate and just.

Dated: October 5, 2020

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880
acaffarelli@caffarelli.com
amartin@caffarelli.com

Respectfully submitted,
CHRISTOPHER HOPKINS,
on behalf of himself and all other
similarly situated persons, known
and unknown,

By: Alexis D. Martin
One of Plaintiff's Attorneys